PEOPLE, PLAINTIFF AND APPELLEE, v. FERNÁNDEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution for Violation of Section 362 of the Penal Code.

No. 1086.—Decided December 12, 1916.

UNLAWFUL ASSEMBLY—COCK-FIGHTING—CRUELTY TO ANIMALS.—Cock-fighting is an unlawful act prohibited and penalized by section 5 of the Act for the prevention of cruelty to animals; therefore when persons assemble for the

purpose of pitting cock-fights and separate without committing the act, it is an unlawful assembly within the meaning of section 362 of the Penal Code.

ID.—ID.—SPECTATOR.—Being a mere spectator at a gathering for the purpose of pitting cock-fights is not an unlawful act within the meaning of section 362 of the Penal Code.

ID.—ID.—EVIDENCE.—The fact that the accused were in a cock-pit when the police arrived does not show that they had assembled for the purpose of instigating, promoting or carrying on a cock-fight, or of doing any act as assistant, umpire or principal, or aiding or engaging in the furtherance of a cock-fight.

ID.—ID.—ID.—The mere fact that a person has a cock-pit, that some cocks are found in it prepared for fighting and that some persons are assembled there, does not necessarily lead to the conclusion that they were assembled for the purpose of committing any of the acts which under the law constitute the unlawful act of cock-fighting.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The three appellants in this case, Santiago Fernández, Mariano Camacho and Juan Santiago, and some others were prosecuted in the Municipal Court of Ponce on the charge of having violated section 362 of the Penal Code in that, with the intention of violating the act to prevent cruelty to animals by engaging in cockfighting, they met together on the farm of Juan Santiago, but separated without having committed the unlawful act. Having been convicted by the District Court of Ponce on appeal, they appealed to this court.

In the case of *People v. Torres et al.,* 23 P. R. R. 350, in considering the merits of a charge identical to that made against these appellants and in which, as here, it was not alleged that the accused, or any of them, were only spectators at the cockfights, we held that—

"A cockfight is an unlawful act, as it is prohibited and penalized by section 5 of the act for the prevention of cruelty to animals; therefore an assembly of several persons to pit cockfights and their separation later without doing so bring them within the provisions of section 362 of the Penal Code."

And this is an answer to the plea of the appellants that

the complaint does not charge them with the commission of a crime. But as in this case we are furnished with a statement of the evidence examined at the trial, the other question raised is whether it was shown thereby that the appellants assembled for the purpose of engaging in a cockfight, since they separated without committing the act.

There is no doubt that the appellants were found by the police within a place arranged for pitting cockfights and that some gamecocks were seized there; but we held in the case of *People* v. *Ramírez et al.*, 18 P. R. R. 266, that the act of being present at a cockfight as a spectator is not a violation of section 5 of the act to prevent cruelty to animals; for in order to complete this offense it is necessary that the accused set on foot, instigated, promoted or carried on the cockfight, or did some act as assistant, umpire or principal, or in some way aided or engaged in the furtherance of a fight between cocks or other birds, or dogs or bulls, or other animals, premeditated by the owner or the person having the custody of such birds or animals; therefore the question in this case is whether the evidence shows that the appellants took part in the act except as mere spectators; for if they were present as spectators only, they did not commit the offense of which they have been found guilty, since said section 362 only penalizes an assembly to commit an unlawful act without carrying it into effect and as being a spectator is not an unlawful act, they did not violate the said statute.

Hence, we will review the evidence in order to ascertain whether the appellants committed any of the acts referred to in said section 5.

On this point the first witness for the prosecution, Fernando Reyes, testified that Juan Santiago is the owner of the cockpit where the three appellants and others were assembled; that cocks dubbed for fighting were seized in the pit; that he saw no bets of any kind; that the said persons were preparing to pit a cockfight; that he did not see the appellants take part in this preparation or handle the cocks;

that there was no fight, and that no cock was found wounded. Alfredo Vega testified that the appellants were in a cockpit; that they had cocks there and for that reason did not decamp as other persons did; that they were assembled for the purpose of fighting cocks with the cocks prepared and one of the other accused persons told them that the game had not yet begun; that the appellants intended to fight the cocks; that he knew that one of the cocks there belonged to one of the appellants because they promised to carry said cocks to the police station in order that they might not be injured; that Mariano Camacho was one of those who carried the cocks.

After the court had overruled a motion for the acquittal of the appellants for lack of evidence, they presented testimony from which it appeared that they denied that they had the intention of fighting the cocks or that they had cocks at the said place, and showed that the cocks which they carried to the police station did not belong to them. Mariano Camacho acknowledged that he made a business of cockfighting.

As regards Mariano Camacho and Santiago Fernández, we believe that the fact that they were in the cockpit when the police arrived does not show that they had assembled for the purpose of instigating, promoting, or carrying on a cockfight, or of doing some act as assistant, umpire or principal, or of aiding or engaging in the furtherance of a cockfight; therefore as it was not proved that they assembled for the purpose of committing any of the unlawful acts referred to in said section 5, we cannot hold that they committed any offense and they should be acquitted without further consideration of the case as concerns them, for the fact that Camacho makes a business of cockfighting does not necessarily mean that he engages in cockfighting in the manner specified by the said act.

As to Juan Santiago, the evidence went further. It was proved that he was the owner of the said cockpit, but al-

though witness Reyes said that this appellant was preparing to pit a cockfight, still he testified also that he did not see him engaged in such preparation or handling the cocks, and he did not explain how he was able to deduce that he was preparing to pit the cockfight. The mere fact of having a cockpit in which some persons were assembled and some cocks dubbed for fighting were found, does not necessarily lead to the conclusion that the persons were assembled for the purpose of committing any of the acts which, according to the law, constitute the unlawful act of cockfighting; therefore the evidence is also insufficient to convict this appellant. It may be that they were assembled for that purpose, but the evidence does not show it.

The judgment should be reversed and the appellants acquitted.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.